**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

**LAW OFFICES OF DAVID WOLFF LLC**
**Attorneys for Trustee**
396 Route 34
Matawan, New Jersey 07747
(732) 566-1189

Order Filed on November 14, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

YVETTE HOLMES,

                  **Debtor.**

Case No.: 22-10367-VFP

Chapter 7 Proceeding

Judge: Hon. Vincent F. Papalia

## ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

The relief set forth on the following pages numbered two (2) through five (5) is hereby ORDERED.

**DATED: November 14, 2022**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2

**Debtor:** Yvette Holmes

**Case No. :** 22-10367-VFP

**Caption of Order:** ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

Upon the Motion (the "Motion") of David Wolff, Chapter 7 Trustee ("Trustee") for entry of an Order, pursuant to Sections 105(a) and 363(b) (1) and (f), Title 11, United States Code, 11 U.S.C. §§101-1330 et. seq., as amended (the "Bankruptcy Code"), and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the sale of the Debtor's ownership interest, and co-owner Luis Rodriguez' ownership interest in real property located at 290 Bergen Street, Newark, New Jersey ("Property") for the sum of $421,000 to Manuel Garcia and Eliot Fuchs (together, "Buyer"), as more fully described in a contract, addendum and rider, copies of which are annexed as Exhibit "B" to the Application filed in support of the Motion, or to such other party who may submit a higher and better offer under the same terms of the contract ("Winning Contract"); and it appearing that notice of the Motion having been given by the movant to (i) the Office of the United States Trustee, (ii) counsel to Debtor, (iii) counsel to the Buyer, iv) counsel to secured creditor Specialized Loan Servicing LLC, v) the non-debtor co-owner, and by the Clerk of the Court to all parties-in-interest and parties who have filed a Notice of Appearance in this case; and such notice being adequate under Bankruptcy Rules 6004(a) and 2002 (a) (2), (c) (1), (I) and (k); and a hearing having been held before this Court on November 1, 2022 to consider the Motion (the "Hearing"), at which time all parties were afforded an opportunity to be heard; and no higher and better offers having been made; and after due deliberation and sufficient cause appearing therefor; it is hereby

Page 3

**Debtor:** Yvette Holmes

**Case No. :** 22-10367-VFP

**Caption of Order:** ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

FOUND and DETERMINED that:

1. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§157 and 1134;

2. Venue of this case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409(a);

3. Determination of the Motion is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A),(N) and (C). The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014;

4. Proper, timely, adequate, and sufficient notice of the Motion, the Hearing, and the sale has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004;

5. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested parties and entities;

6. The sale of the Property reflects the exercise of the Trustee's sound business judgment, is further justified by the circumstances described in the Motion, and is consented to by the non-debtor co-owner;

7. Approval of the sale of the Property at this time is in the best interest of the Estate and its creditors. The Court finds that the Trustee has articulated good and sufficient business justification for the sale of the Property pursuant to Sections 363(b) and (f) of the Bankruptcy

Page 4

**Debtor:** Yvette Holmes

**Case No. :** 22-10367-VFP

**Caption of Order:** ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

Code;

8. The terms and conditions of the Winning Contract are fair and reasonable. The Winning Contract represents the highest and best offer for the Property. The purchase price is fair and reasonable, and constitutes reasonably equivalent value under the Bankruptcy Code and applicable state law;

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED, that:**

1. The Motion (as fully described in the Application) be and is hereby granted on the terms set forth in this Order. Any objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied.

2. Due and proper notice of the Motion has been given to all parties who are entitled to notice under the circumstances.

3. The Winning Contract and each of its terms and conditions is approved in its entirety. The sale of the Property to Buyer for the sum of $421,000 is hereby authorized under §§363 (b) and (f) (2) of the Bankruptcy Code. The Trustee is hereby authorized and directed at the closing to execute, deliver, and implement all instruments and documents which may be reasonably necessary, convenient, or desirable to implement the terms of the sale.

4. The sale of the Property pursuant to the Winning Contract and this Order (a) is or will

Page 5

**Debtor:** Yvette Holmes

**Case No. :** 22-10367-VFP

**Caption of Order:** ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY

---

be legal, valid, and an effective transfer of the Property to the Buyer, and (b) vest or will vest the Buyer with all right, title, and interest in and to the Property, free and clear of all liens, claims, interests, and encumbrances under Section 363(f) of the Bankruptcy Code, with valid liens to attach to proceeds of sale.

5.  The Trustee is authorized to issue, execute, deliver, file, and record, as appropriate, documents in connection with the sale of the Property, all without further application to, or order of, the Court.

6.  The gross realtor commission of 5% of the purchase price may be paid at closing, consistent with the listing agreement and Contract of Sale, without the need for further application to, or order of, the Court.

7.  All of the provisions of this Order are non-severable and mutually dependent.

8.  This Order shall be effective and enforceable immediately upon entry hereof, and the stay imposed by Bankruptcy Rule 6004 (h) is waived.

9.  The Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Winning Contract and this Order.