| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In Re:<br><br>YVETTE HOLMES,<br><br>Debtor. | Case No.:  22-10367<br><br>Chapter:  7<br><br>Judge: Vincent F. Papalia |

Order Filed on November 30, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# AMENDED ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY AND GRANTING RELATED RELIEF

The relief set forth on the following pages numbered two (2) through seven (7) is hereby **ORDERED**.

**DATED: November 30, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Case:         Yvette Holmes
Case No.:    22-10367 (VFP)
Re:           AMENDED ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY AND GRANTING RELATED RELIEF

---

Upon the Motion (the "Motion") of David Wolff, Chapter 7 Trustee ("Trustee") for entry of an Order, pursuant to Sections 105(a) and 363(b) (1) and (f), Title 11, United States Code, 11 U.S.C. §§101 et. seq., as amended (the "Bankruptcy Code"), and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the sale (the "Sale") of the Debtor's ownership interest, and co-owner Luis Rodriguez' ownership interest in real property located at 290 Bergen Street, Newark, New Jersey ("Property") for the sum of $421,000 to Manuel Garcia and Eliot Fuchs (together, "Buyer"), as more fully described in a contract, addendum and rider, copies of which are annexed as Exhibit "B" to the Application filed in support of the Motion, or to such other party who may submit a higher and better offer under the same terms of the contract ("Winning Contract"); and it appearing that notice of the Motion having been given by the Trustee to: (i) the Office of the United States Trustee, (ii) counsel to Debtor, (iii) counsel to the Buyer, (iv) counsel to secured creditor Specialized Loan Servicing LLC, (v) the nondebtor co-owner, and by the Clerk of the Court to all parties-in-interest and parties who have filed a Notice of Appearance in this case; and such notice being adequate under Bankruptcy Rules 6004(a) and 2002 (a)(2), (c)(1), (i) and (k); and a hearing having been held before this Court on November 1, 2022 to consider the Motion (the "Hearing"), at which time all parties were afforded an opportunity to be heard; and no higher and better offers having been made; and after due deliberation and sufficient cause appearing therefor; and the Court having considered the Certification of Luis Rodriguez, the nondebtor co-owner of the subject Property, it is hereby

Case:          Yvette Holmes
Case No.:      22-10367 (VFP)
Re:            AMENDED ORDER AUTHORIZING THE TRUSTEE TO SELL
               REAL PROPERTY AND GRANTING RELATED RELIEF

---

FOUND and DETERMINED that:

1. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§157 and 1134;

2. Venue of this case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409(a);

3. Determination of the Motion is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A),(C) and (N). The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014;

4. Proper, timely, adequate, and sufficient notice of the Motion, the Hearing, and the Sale has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and as recited in this Order;

5. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested parties and entities;

6. The Sale of the Property reflects the exercise of the Trustee's sound business judgment, is further justified by the circumstances described in the Motion, and is consented to by the nondebtor co-owner, Mr. Luis Rodriguez ("Mr. Rodriguez");

7. Approval of the Sale of the Property at this time is in the best interest of the Estate and its creditors. The Court finds that the Trustee has articulated good and sufficient business justification for the sale of the Property pursuant to Sections 363(b), (f) and (h) of the Bankruptcy Code;

Page 4
Case:       Yvette Holmes
Case No.:   22-10367 (VFP)
Re:         AMENDED ORDER AUTHORIZING THE TRUSTEE TO SELL
            REAL PROPERTY AND GRANTING RELATED RELIEF

---

8. The terms and conditions of the Winning Contract are fair and reasonable. The Winning Contract represents the highest and best offer for the Property. The purchase price is fair and reasonable, and constitutes reasonably equivalent value under the Bankruptcy Code and applicable state law;

9. The Court entered an Order Authorizing the Trustee to sell the Property on November 14, 2022 (Dkt. No. 76) (the "Sale Order") that the Court desires to amend based on the Certification of Mr. Rodriguez and certain additional information provided by the Trustee and the Debtor.

10. On November 18, 2022, after considering the submissions of the parties and the record of the case, the Court wrote to the parties to set forth its questions regarding the proposed distribution of the net proceeds of the Sale of the Property after payment of valid liens, claims, encumbrances, the brokerage commission and usual and customary closing costs and expenses [Dkt. No. 79]. With that letter, the Court provided the parties with a revised proposed form of Amended Sale Order (the "Proposed Amended Sale Order") and an opportunity to object or request a hearing with respect to the Proposed Amended Sale Order. Responses were received from Debtor's Counsel and the Trustee, who submitted his own revised proposed Amended Sale Order [Dkt. No. 78].

11. On November 29, 2022, the Court conducted the hearing (the "Hearing") on its Proposed Amended Sale Order and the responses thereto. The Trustee, the Debtor and her counsel, and Mr. Rodriguez participated in the Hearing. During the course of the Hearing, it became apparent to the Court that there was less than a complete understanding and agreement

Page 5
Case:            Yvette Holmes
Case No.:        22-10367 (VFP)
Re:              AMENDED ORDER AUTHORIZING THE TRUSTEE TO SELL
                 REAL PROPERTY AND GRANTING RELATED RELIEF

---

among the parties as to the manner in which the net proceeds, if any, from the Sale of the Property would be distributed. However, the parties were able to agree that approval of the Sale on the terms set forth in this Order is in the best interests of the Debtor, her creditors and the estate, and the Court so finds;

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED, that:**

1. The Motion be and is hereby granted on the terms set forth in this Order.

2. Due and proper notice of the Motion has been given to all parties who are entitled to notice under the circumstances.

3. The Sale, the Winning Contract and each of its terms and conditions are hereby authorized and approved. The Sale of the Property to Buyer for the sum of $421,000 pursuant to the Winning Contract is hereby authorized under §§363 (b), (f) and (h) of the Bankruptcy Code. The Trustee is hereby authorized and directed at the closing to execute, deliver, and implement all instruments and documents which may be reasonably necessary or desirable to implement the terms of the Sale and this Order.

4. The Sale of the Property pursuant to the Winning Contract and this Order (a) is or will be legal, valid, and an effective transfer of the Property to the Buyer, and (b) vests or will vest the Buyer with all right, title, and interest in and to the Property, free and clear of all liens, claims, interests, and encumbrances under Sections 363(f) and (h) of the Bankruptcy Code, with any and all valid liens, claims, encumbrances and interests to attach to proceeds of Sale.

5. The Trustee is authorized to issue, execute, deliver, file, and record, as appropriate, documents in connection with the Sale of the Property, all without further application to, or

Page 6
Case:       Yvette Holmes
Case No.:   22-10367 (VFP)
Re:         AMENDED ORDER AUTHORIZING THE TRUSTEE TO SELL
            REAL PROPERTY AND GRANTING RELATED RELIEF

---

Order of the Court.

6. Any and all valid liens, claims or encumbrances (excluding the Debtor's homestead exemption) and the gross realtor commission of 5% of the purchase price may be paid at closing of the Sale, each consistent with the Winning Contract and the listing agreement, as the case may be, without the need for further application to, or Order of, the Court.

7. Usual, customary, and reasonable closing costs and expenses may also be paid at the closing of the Sale.

8. If and to the extent that the net proceeds from the Sale of the Property are in excess of all the valid liens, claims and encumbrances, brokerage commissions and usual, customary, and reasonable closing costs (the "Net Proceeds"), the Net Proceeds shall be held in escrow by the Trustee's Counsel, pending further Order of this Court or as may be agreed in writing by the Debtor, the Trustee and Mr. Rodriguez and approved by this Court. The Net Proceeds shall be so held in escrow without prejudice to and expressly preserving the rights of each of the parties with respect to the Net Proceeds, including (without limitation) any party's right to any portion of the Net Proceeds of Sale and the Debtor's homestead exemption (which exemption is not required to be paid at closing).

9. All of the provisions of this Order are nonseverable and mutually dependent.

10. This Order shall be effective and enforceable immediately upon entry hereof, and the stay imposed by Bankruptcy Rule 6004(h) is waived.

11. The Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Winning Contract and this Order.

Page 7
Case:           Yvette Holmes
Case No.:       22-10367 (VFP)
Re:             AMENDED ORDER AUTHORIZING THE TRUSTEE TO SELL
                REAL PROPERTY AND GRANTING RELATED RELIEF

---

12.  This Order amends and supersedes the Sale Order entered on November 14, 2022 [Dkt. No. 76].

13.  The Trustee shall serve a copy of this Order on all secured creditors with respect to the Property (including any appearing of record and whose lien may be the subject of a dispute) or their respective counsel, Debtor, Debtor's counsel, Mr. Rodriguez and all parties who filed a Notice of Appearance in this case within three (3) business days of its entry.